UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v. Case No. 8:02-cr-490-T-17TBM
8:04-cv-1856-T-17TBM

LUIS R. MONTANEZ-PEREZ.

---

O R D E R

This cause is before the Court on Defendant Luis R. Montanez-Perez (Perez's) 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-84). The Government filed a response to the motion on September 9, 2004. Although the Court advised Perez that he had 25 days to file a reply after the response was filed, Perez did not do so. Perez has not filed any notice to demonstrate that he has been moved from Coleman Correctional Institution, and no envelope has been returned to show that Perez did not receive service of the Court's order granting him time to file a reply to the Government's response, or the response itself.

BACKGROUND

On December 17, 2002, Perez and Amador Irrizary-Sanabria were indicted for conspiring to distribute and to possess with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (Count One); and possessing 500 grams or more of cocaine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(ii) (Count Two). (Doc. cr-6). On April 22, 2003, after entering into a plea agreement with the United States (Doc. cr-31), Perez pled guilty to Count One. (Doc. cr-36,

cr-85 at 6).

In his plea agreement, Perez waived his right to appeal, directly or collaterally, his sentence except to the extent that the sentence imposed included an upward departure from the sentencing guidelines, was in excess of the statutory maximum, or was in violation of the law apart from the sentencing guidelines:

> [T]he defendant . . . expressly waives the right to appeal [his] sentence, directly or collaterally, on any ground . . . except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines . . . .

(Doc. cr-31 at 12).

On April 22, 2003, the district court reviewed with Perez his waiver of his right to appeal, directly or collaterally, his sentence and asked whether Perez understood the waiver. (Doc. cr-85 at 17). Perez responded that he did:

> THE COURT: [P]aragraph 5 is a significant paragraph. It limits or restricts your right to an appeal in this case. It's kind of difficult language to work through, but basically, it says if you receive an illegal sentence, you can take an appeal. . . . And this language would allow you to appeal that upward departure. However, except in those two circumstances, this language takes away your right to an appeal. . .. [w]hat this means is that when you show up for sentencing and the judge calculates your guidelines and then lawfully sentences you within the guidelines, you will be stuck with that sentence, even if it turns out to be much harsher than you anticipated. Do you understand?

MR. MONTANEZ(Perez): I understand.

On August 8, 2003, the district court sentenced Perez to 70 months incarceration; 500 hours in a substance abuse program, and 48 months of supervised release. (Doc. cr-48). Perez did not file an appeal.

On August 11, 2004, Perez filed a section 2255 motion to vacate. He did not file a Memorandum of Law in support of the motion. Perez challenges his sentence, alleging that the court erred by counting a 21-year old prior theft sentence under USSG § 4A1.2, causing Perez to score at Category IV, Level 23. (Doc. cv-1 at 5).

DISCUSSION

The right to appeal is statutory and can be waived knowingly and voluntarily. United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993); see also, United States v. Buchanan, 131 F.3d 1005, 1008 (11th Cir. 1997). For an appellate waiver to be enforced, the Government must demonstrate either that this Court specifically questioned Perez concerning the sentence appeal waiver during the Fed. R. Crim. P. Rule 11 colloquy or that it is manifestly clear from the record that the Perez otherwise understood the full significance of the waiver. Bushert, 997 F.2d at 1351. The critical inquiry is not the extent to which the district court reviewed the sentence appeal waiver but the extent to which the record demonstrates the defendant's knowledge and understanding of the waiver. Id. (the defendant's knowledge and understanding of the waiver are among the components that constitute the core concerns of the defendant's right to be aware of the direct consequences of the guilty plea). In the present case, the Court specifically questioned Perez concerning the sentence appeal waiver during the Rule 11 colloquy, and Perez's responses to the Court's inquiry demonstrate that Perez understood the appeal waiver.

(Doc. cr-85 at 16-17).

A Defendant's waiver of the right to appeal "directly or collaterally" encompasses his right to challenge his sentence in a section 2255 motion to vacate proceeding. See United States v. Cockerham, 2327 F.3d 1179, 1182 (10th Cir. 2001) (appeal and collateral attack waiver provision in plea agreement waives the right to section 2255 petition based on ineffective assistance of counsel unless challenge concerns the validity of the plea or waiver), cert. denied, 122 St. Ct. 821 (2002); Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000) (same), cert. denied, 531 U.S. 1175 (2001); see also, Watson v. United States, 165 F.3d 486, 488-89 (6th Cir. 1999); United States v. Pruitt, 32 F.3d 431 433 (9th Cir. 1994); United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994); cf. Latorre v. United States, 193 F.3d 1035, 1037 n.1 (8th Cir. 1999).

Perez argues that the Court committed plain error by counting a 21-year prior conviction which helped in scoring him at Category IV, Level 23. (Doc. cv-1 at 5). Perez asserts that the district court "committed plain error by counting this prior theft sentence under USSG §4A1.2, because that sentence had been imposed more than 21 years (prior) to Perez's initiation of the instant conspiracy offense." (Doc. cv-1 at 5). Perez argues that according to USSG §4A.1 a conviction that is over 15 years old cannot be counted. Id.

Perez failed to address the remaining part of that section that states that "a sentence imposed more than fifteen years is not counted unless the defendant's incarceration extended into this fifteen year period." USSG §4A1.1(a), comment. (n.1). Perez was sentenced on August 26, 1983 to a six year term of imprisonment. He was released on parole in August 1989. (Presentence Investigation Report ¶ 28). Perez's instant offense included the period of December 11, 2002 through on or about December 13, 2002. (Doc.

cr-6 and PSR ¶ 2). Accordingly, Perez's incarceration extended into the fifteen year period prior to the instant offense.

Because Perez's sentencing challenge is, in essence, solely a challenge to the district court's application of the guidelines, his appeal does not fall within the exception to his appeal waiver, which allows him to appeal only an upward departure from his guidelines range, a sentence imposed in excess of the statutory maximum, or a sentence imposed "in violation of law apart from the sentencing guidelines." (Doc. cr-31 at 12).In addition, this claim has no merit.

For this Court to entertain the issue that Perez raises in this 2255 would be to permit Perez a collateral appeal or attack in contravention of the plain meaning of his plea agreement and to deny the government the benefit for which it bargained. See Buchanan, 131 F.3d at 1008; see also United States v. Wenger, 58 F.3d 280, 282 (7th Cir. 1995) (defendant exchanged his right to appeal for prosecutorial concessions; "he cannot have his cake and eat it too"); United States v. Bolinger, 940 F.2d 478, 480 (9th Cir. 1991) (rejecting interpretation of plea agreement that would contravene its plain meaning and would make sentence appeal waiver meaningless).

Perez's motion will be denied without further consideration. See Buchanan, 131 F.3d at 1008 ("where it is clear from the plea agreement and the Rule 11 colloquy . . .that the defendant knowingly and voluntarily entered into a sentence appeal waiver, that waiver should be enforced without requiring the government to brief the merits of the appeal"); see also Benitez-Zapata, 131 F.3d at 1446; Wenger, 58 F.3d at 280 (appeal dismissed based on sentence appeal waiver); United States v. Melancon, 972 F.2d 566, 567-68 (5th Cir. 1992) (same); United States v. Rutan, 956 F.2d 827, 829 (8th Cir. 1992) (same); United

States v. Wiggins, 905 F.2d 51, 52-54 (4th Cir. 1990) (same).

Accordingly, the Court orders:

That Perez's motion to vacate (Doc. cv-1; cr-84) is denied, with prejudice. The Clerk is directed to enter judgment against Perez in the civil case and to close that case.

ORDERED in Tampa, Florida, on October 21, 2005.




AUSA: Maria Chapa Lopez
Pro se: Luis R. Montanez-Perez